## CALOCA *v.* VILASECA ET AL.

### APPEAL from the District Court of San Juan.

No. 17.—Decided March 12, 1906.

APPEAL—EVIDENCE—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—Where a party fails to present the evidence to the Supreme Court in a bill of exceptions or in a statement of facts, a petition at the hearing on appeal, for an extension of time in which to submit the said bill of exceptions or statement of facts, will be denied in accordance with the provisions of section 140 of the Code of Civil Procedure.

ID.—WEIGHING THE EVIDENCE.—Where there are a number of elements of proof which have enabled the trial court to arrive at a conclusion, an appellate court will not divide these elements and consider them singly, because until the contrary is shown, it must always be assumed that the trial court weighed the evidence as a whole.

PURCHASE AND SALE—INTERVENTION OF OWNERSHIP.—Articles 1471 and 1472 of the former Civil Code, which are equivalent to sections 1374 and 1375, respectively, of the Revised Code, establish juridical relations only between the vendor and vendee, and they are not applicable to a case of intervention of ownership where it is not sought to have the contract carried out, but only to prevent, that the property sold be detained by a third person who is no wise intervened in the contract of purchase and sale.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for appellant.

*Mr. Teixidor* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

José L. Vilaseca prosecuted an executory action against María Justa García, widow of Rivera, for the recovery of a sum of money, and on June 19, 1903, attached a tract of land as belonging to said execution debtor.

Juan Y. Caloca, on August 1st of said year, filed a complaint in intervention of ownership, in the District Court of San Juan, against said execution creditor and debtor, concluding with the prayer that final judgment be rendered holding that such part of the estate attached in the execution proceedings against María Justa García, in excess of the '50 *cuerdas* which belong to her, situated within the estate of 206 *cuerdas* which adjoins that of Mrs. García, belongs in full ownership to the plaintiff in intervention, at whose free disposition such part be left, with the costs against the execution creditor and debtor, or against the party who should contest the said complaint in intervention.

The execution creditor, Vilaseca, answered this complaint in intervention and prayed for its dismissal, alleging that the land in question belonged to María Justa García.

The proceedings having been concluded, the judge of the District Court of San Juan rendered the following judgment:

"On April 20, 1905, and in open court, this case came on to be heard in its regular order, both parties appearing through their respective counsel, who stated that they were ready. The plaintiff made his allegations and thereupon the defendants made theirs. The plaintiff and the defendants submitted their evidence, which was heard, both parties further accepting as valid and correct everything contained in the record. Finally, counsel made their respective arguments. And the court, having heard the allegations, the evidence and the arguments, is of the opinion that the facts and the law are in favor of the plaintiff; and therefore renders judgment sustaining the complaint in intervention of ownership and holding, furthermore, that the part of the estate which has been attached in the procedings against Justa García, widow of Rivera, in excess of the 50 *cuerdas*

which belong to her, and which is situated within the estate of 206 *cuerdas* which adjoins that of Justa García, the said attachment having been levied in the execution proceedings prosecuted by José L. Vilaseca against Justa García, widow of Rivera, belongs to the plaintiff, Juan Ignacio Caloca, and must be placed and remain subject to his free disposal, with the costs against the defendants. And it is ordered that this judgment be entered in the judgment book of this court, and that execution issue for the satisfaction of this judgment. Pronounced in open court this 31st day of May, 1905. Entered this 31st day of May, 1905.—Emilio del Toro, judge. (Attest: José E. Figueras, clerk.''

José L. Vilaseca took an appeal from this judgment on June 28, 1905, to this Supreme Court and here presented copies of the documents upon which he believes his right to rest, which copies are certified to by the attorney representing said appellant, José de Guzmán Benítez.

With these antecedents, he filed a brief in which he maintains that, in view of the questions involved in this litigation, the issue is reduced to a determination of whether the dividing line which separates the properties of Juan Ygnacia Caloca is that fixed in the writ of attachment or that fixed in the complaint in intervention, it being further alleged that Caloca has not proved his ownership of the tract of land he claims, and, after citing provisions of law which he alleges have been violated, he prays that the judgment appealed from be reversed, and that it be held that the limits and points of the lines which separate the properties of the Estate of Frutos Caloca and Juan Ygnacio Caloca from the property of María Justa García are those which appear in the writ of attachment of June 19, 1905, and that the entire area of land comprised within the delimitation of the description of the property attached belongs in exclusive ownership to María Justa García, and consequently, that the suspension of the execution of the order of sale be raised, and that the execution creditor be left his right to proceed to enforce payment of the amount of his claim.

The respondent, Caloca, alleged through his counsel, Jacinto Texidor, that the appellant had failed to bring to this appeal the reports made by the experts Manuel Texidor, Bartolomé Llovet and Tulio Larrínaga, the plans of the lands in question, and a copy of their testimony, which plans, reports and testimony were to be found in the record of the case and in the notes of the reporter of the San Juan court; and, in pursuance of section 62 of the Regulations, he prayed that all of the above should be called for.

This Supreme Court granted the prayer, and we have here the reports, the plans and the testimony of the said three experts, which fill 33 pages, and referring thereto the reporter, Antonio Laloma, certifies that they are "a true copy of the testimony of the experts aforementioned in the action prosecuted by Juan Ygnacio Caloca against José L. Vilaseca and Justa García, widow of Rivera, in the action of intervention of ownership."

The respondent opposed the appeal on its merits, and after having alleged facts and conclusions of law, he closed with the prayer that the appeal be dismissed and the judgment appealed from affirmed in all respects.

Both parties, at the hearing, amplified orally the arguments that they had sustained in their respective briefs.

It is indisputable that the question herein involved is one of fact, and although the appellant recognized this rather late in his petition of December 23, 1905, praying the Supreme Court to grant him a reasonable time to bring to this appeal the antecedents relating to the evidence presented in the proceedings had in the lower court, in the form of a bill of exceptions or statement of facts, and that the judge of the District Court of San Juan should be authorized to approve said bill of exceptions or said statement of facts, if worthy such approval; which petition this court was obliged to deny under the very provisions of section 140 of the Code of Civil Procedure upon which the petition was based.

Under the circumstances, we must agree with the appellant questions of fact are involved, inasmuch as it is alleged that the plaintiff in intervention has not proved the ownership of the tract of land he claims, and that the line which divides the properties of the latter is that determined in the writ of attachment and not that described in the complaint of intervention.

In order to arrive at a definite conclusion upon these points, the judge of the court of San Juan was obliged to examine and weigh all the evidence submitted by both parties heard in the action.

This evidence consisted of documentary evidence and the opinions of experts. Three experts, whose names have been mentioned above, appeared in the lower court and testified, and it is to be assumed that they answered the questions of the parties upon direct and cross-examination and complied with the wishes of the judge, in explaining any necessary points relating to the facts the subject of discussion.

This case is similar, in so far as the means of proof are concerned, to that of *Cora May Belden de Smith* v. *Gabriel González y García,* No. 46, from the District Court of Mayaguez, decided by this Supreme Court on the 9th instant, and for this reason we reproduce here what Mr. Justice Hernández said in that opinion:

"We cannot examine the evidence submitted in the action, because such evidence consists of documentary evidence and the testimony of witnesses, and as the testimony of the witnesses is in the form of reporter's notes, which this court has held on a number of occasions lack efficiency and legal value to show in an authentic manner what the witnesses have testified, and the material portions of their testimony taken from such notes should be embodied in a bill of exceptions or statement of facts, in accordance with the provisions of section 214 of the Code of Civil Procedure, it would be useless, even if we were able to do so, to examine the documentary evidence alone, independently of the testimony of the witnesses, which might render valueless or even destroy the merits of the former.

"When there are a number of elements of proof which, considered

as a whole, have enabled the judge to arrive at a conclusion upon the facts discussed in the action, an appellate court cannot divide these elements and consider them singly, taking some into consideration and ignoring others; because it must always be assumed that a court has properly weighed the evidence until the contrary be shown; and such showing to the contrary must appear from all of the evidence submitted and not from some of it only.''

We should here conclude our work. But there is one point which has been raised in the answer to the complaint which forms part of the real record and which we may consequently consider, especially when it appears that the appellant gives a decisive value to this point in favor of his claim.

It is alleged that the history of the estates of the plaintiff in intervention, Ygnacio Caloca, shows that the latter acquired 200 *cuerdas,* more or less, for a lump sum; and, if by virtue of the attachment levied in the execution proceedings instituted by Vilaseca made, as alleged, in accordance with the boundaries which appear in the title of María Justa García, a more or less number of *cuerdas* belonging to Caloca were taken, the latter has not now the right to claim a single inch of land.

In support of this consideration article 1471 of the former Civil Code, which is the equivalent of section 1374 of the Revised Code, is cited, reading as follows:

''In the sale of real estate made for a 'fixed price and not at the rate of a specified sum for a unit of measure or number, the increase or decrease of the same shall not be considered, even when a greater or less area or amount than that stated in the contract may be found.''

And such faith is placed in this argument that it is repeated in the brief filed in this Supreme Court by the appellant and it is supplemented by the allegation that article 1472 of the former Code, section 1375 of the Revised Code, has been violated, in that the action of Caloca is recognized as proper when it prescribed six months from the date of the delivery of the thing sold.

But these sections only establish juridical relations between the vendor and the purchaser and are not, consequently applicable to the case under discussion; for which reason they could not be violated by the judgment appealed from.

On the contrary, article 349 of the former Civil Code, the equivalent of section 354 of the Revised Code, has been properly applied, said section giving an owner a real right of action, which he exercised against the execution creditor and execution debtor, and not a personal right of action as improperly considered in citing section 1375 in support of the allegation of prescription; becuse this is not a demand that the title to the thing sold be perfected, but to prevent the thing from being withheld in part by a third person who did not participate in any manner or form in the contract of purchase and sale, which constitutes the title of Caloca consummated some years ago—a third person and stranger who has not proved that he has any right to the tract of land claimed, according to the findings of the judgment court upon the evidence submitted, which findings must be accepted in full, because, as we have seen, it has not been legally and adequately proved to us that such findings were incorrect.

Under the circumstances, the judgment of the District Court of San Juan, rendered on April 20, 1905, should be affirmed in all respects, with the costs of the appeal against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, Mac-Leary and Wolf concurred.